PEOPLE v STACK

Docket No. 91006. Submitted September 2, 1986, at Detroit. Decided
  September 24, 1986.

  Ronald C. Stack pled guilty in the Genesee Circuit Court to one
  count of first-degree criminal sexual conduct. The trial court,
  Earl E. Borradaile, J., sentenced defendant to from eighteen to
  thirty years imprisonment. Defendant moved to withdraw his
  guilty plea and for resentencing. Both motions were denied.
  Defendant appeals alleging that he is entitled to resentencing
  since he agreed to plead guilty if he received a fifteen-year
  minimum sentence and the trial court indicated that because of
  the effect of granting disciplinary credits defendant's minimum
  sentence would have to be increased to provide for eighteen
  years imprisonment to insure defendant would serve fifteen
  years.

  The Court of Appeals held:

  1. A trial court, in sentencing a defendant, should not con-
  sider disciplinary credits which the defendant may or may not
  receive.

  2. The trial court, in sentencing the defendant, properly
  ignored the information in the presentence report which the
  defendant claimed was inaccurate.

  Defendant's original sentence is vacated and a new sentence
  of from fifteen to thirty years imprisonment is imposed.

1. CRIMINAL LAW — SENTENCING — DISCIPLINARY CREDITS.

  A trial court, in sentencing a defendant, may not consider the
  effect of disciplinary credits which the defendant may or may
  not receive.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — INACCU-
  RACIES.

  A trial court, in lieu of holding an evidentiary hearing or accept-
  ing a defendant's unsworn statement that information con-
  tained in a presentence report is inaccurate, may properly

REFERENCES

Am Jur 2d, Criminal Law §§ 528, 535.
See the annotations in the Index to Annotations under Sentence
  and Punishment.

ignore the alleged misinformation while sentencing the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford*), for defendant.

Before: J. H. GILLIS, P.J., and WAHLS AND SULLIVAN, JJ.

PER CURIAM. Defendant pled guilty to one count of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). The trial court sentenced defendant to from eighteen to thirty years imprisonment. Defendant subsequently moved to withdraw his guilty plea and for resentencing. The trial court denied both motions. Defendant appeals. We vacate defendant's original sentence and order defendant to serve a sentence of from fifteen to thirty years imprisonment. MCR 7.216(A)(7).

Defendant claims he is entitled to resentencing. We agree. Prior to our Supreme Court's decision in *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), the trial court indicated to defendant that he would receive a sentence of from fifteen to thirty years imprisonment. Defendant agreed to plead guilty if he received a fifteen-year minimum sentence. When the guilty plea was taken, however, the circuit court indicated that because of the effect of granting disciplinary credits, MCL 800.33; MSA 28.1403, defendant's minimum sentence would have to be increased to provide for eighteen years imprisonment to ensure defendant

would serve fifteen years. Defendant was given the opportunity to withdraw his guilty plea, but he did not do so. Instead, defendant pled guilty, claiming that he was entitled to the fifteen-year minimum sentence. As noted above, defendant was sentenced to a minimum of eighteen years imprisonment.

This Court has held that trial courts should not consider the application of the provisions of the Prison Overcrowding Emergency Powers Act (POEPA), MCL 800.71 *et seq.*; MSA 28.1437(1) *et seq.*, when sentencing a defendant because the frequency of the use of the POEPA is speculative. *People v Fleming,* 142 Mich App 119, 125-126; 369 NW2d 499 (1985), lv gtd 424 Mich 877 (1986); *People v Humble,* 146 Mich App 198, 200-201; 379 NW2d 422 (1985); *People v Lundy,* 145 Mich App 847; 378 NW2d 622 (1985). We believe this same rationale applies to disciplinary credits which a defendant may or may not receive. *Fleming, supra.* Hence we vacate defendant's eighteen-year minimum prison sentence and impose a prison sentence of from fifteen to thirty years, not because defendant is entitled to specific performance of the original offer made to him, but because the trial court improperly considered the effect of disciplinary credits, which defendant may or may not receive, when it sentenced him.

Defendant's other issues regarding his sentence are meritless. The trial court did consider the possibility of rehabilitation in imposing defendant's sentence, specifically noting that defendant would receive counselling while in prison. Moreover, the trial court ignored the information in the presentence report which defendant claimed was inaccurate. In lieu of holding an evidentiary hearing or accepting a defendant's unsworn statement that information contained in a presentence report

is inaccurate, a trial court may properly ignore the alleged misinformation while sentencing. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983). Hence the trial court's action in this case was proper.

Defendant's original sentence is vacated and a new sentence of from fifteen to thirty years imprisonment is imposed.