PEOPLE v WYTCHERLY (ON REHEARING)

Docket No. 94371. Submitted March 2, 1988, at Grand Rapids. Decided May 1, 1989.

Stephen Jay Wytcherly was convicted by a jury in the Muskegon Circuit Court of assault with intent to commit murder and possession of a firearm during the commission of a felony. Defendant pled guilty to a supplemental charge of being an habitual offender, fourth offense, and the trial court, Ronald H. Pannucci, J., sentenced him to 50 to 250 years in prison for the assault conviction, to be served consecutive to the two-year prison sentence for felony-firearm. Defendant appealed and the Court of Appeals reversed and remanded based, in part, on its determination that error requiring reversal resulted when the trial judge, after the jury had commenced deliberations, communicated with the jury outside of the courtroom and in the absence of the parties or their counsel. 172 Mich App 213 (1988). The Court of Appeals thereafter granted the people's motion for rehearing in order to consider whether the trial judge made improper ex parte communications to the jury.

The Court of Appeals, on rehearing, *held:*

1. No error requiring reversal occurred in regard to the trial court's alleged ex parte communication to the jury. The facts indicate that defense counsel and the prosecutor were present when the trial judge communicated with the jury during its deliberations. Moreover, the trial judge discussed the contents of notes from the jury with both counsel, who agreed with the judge's response to the jury to "keep working."

2. No abuse of discretion resulted from the court's denial of the jury's request to review the transcript since both counsel agreed to that denial.

3. Defendant's conviction is affirmed but the case is remanded for resentencing since defendant's sentence was im-

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*; Trial §§ 999-1010.
Postretirement out of court communication between jurors and trial judge as grounds for new trial or reversal in criminal case. 43 ALR4th 410.

properly based in part on the good-time credit that defendant would receive.

Affirmed in part and remanded for resentencing.

1. CRIMINAL LAW — TRIAL — JURY INSTRUCTIONS.

Communications or instructions by the court to the jury, after they have retired for deliberations, out of court and in the absence of the parties or their counsel, are grounds for a new trial, regardless of whether such communications or instructions were prejudicial.

2. CRIMINAL LAW — SENTENCING — GOOD-TIME CREDITS.

The possibility of early release by virtue of good-time credits or disciplinary credits may not be used to enhance a defendant's sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

ON REHEARING

Before: SULLIVAN, P.J., and MACKENZIE and G. SCHNELZ,* JJ.

G. SCHNELZ, J. We have granted the people's motion for rehearing of our decision set forth at 172 Mich App 213; 431 NW2d 463 (1988), in order to reconsider whether the trial judge made improper ex parte communications to the jury under *People v Cain,* 409 Mich 858; 294 NW2d 692 (1980), rev'g 94 Mich App 644; 288 NW2d 465 (1980).

On rehearing, we find that defense counsel and the prosecutor were present when the trial judge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

communicated with the jury during its delibera-
tions. Moreover, the trial judge discussed the con-
tents of notes from the jury with the prosecutor
and defense counsel, who both agreed with the
judge's responses to the jury. Since we now find
that both counsel were present, we conclude that
there was no error requiring reversal in the
judge's response to the jury to "keep working." See
*People v Pannell,* 170 Mich App 768, 770-771; 429
NW2d 233 (1988). Furthermore, no abuse of discre-
tion resulted from the trial judge's denial of the
jury's request to review transcripts since both
counsel agreed to that denial.

Although we affirm the conviction of defendant,
we find that this case must be remanded for
resentencing. Our review of the record reveals that
defendant's sentence was improperly based in part
on time reductions that defendant would receive
under the good-time credit statutes. Our Supreme
Court has clearly mandated that the possibility of
earlier release by virtue of good-time credits or
disciplinary credits may not be used to enhance a
defendant's sentence. See *People v Fleming,* 428
Mich 408, 428; 410 NW2d 266 (1987).

Affirmed in part and remanded for resentencing
in accordance with this opinion. We do not retain
jurisdiction.