PEOPLE v ABBETT

Docket Nos. 147532, 149830. Submitted September 24, 1992, at Lansing. Decided January 19, 1993, at 9:20 A.M. Decided on reconsideration April 19, 1993, at 9:05 A.M. In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed and the judgment of the Hillsdale Circuit Court is reinstated, 443 Mich —.

Beth A. Abbett pleaded guilty in the Hillsdale Circuit Court, Harvey W. Moes, J., of involuntary manslaughter and possession of a firearm during the commission of a felony. She was sentenced to a prison term of five to fifteen years for the manslaughter conviction and a consecutive prison term of two years for the felony-firearm conviction. She appealed. During the pendency of the appeal, and on stipulation of the parties, the defendant was resentenced by the trial court because of an error in the scoring of a prior record variable. The sentencing information report prepared for the resentencing reduced the scoring of the prior record variable, but increased the scoring of an offense variable, ov 3, from zero to ten points, resulting in the sentencing guidelines' minimum sentence range of twelve to sixty months. In response to an argument that involuntary manslaughter should have been given a score of zero points as an "other homicide" under ov 3, the court indicated that it found the high end of the defendant's proposed minimum sentence range, three years, to be unsatisfactorily low and imposed the same sentences that had been imposed originally. The defendant appealed.

The Court of Appeals held:

1. Because involuntary manslaughter does not involve an intent to injure, is not a homicide committed in an excited state after adequate provocation, and is not a homicide resulting from gross negligence amounting to an unreasonable disregard for life, the offense should not have been given a score of ten points under ov 3. The trial court should have used the same score of zero points for the purpose of resentencing as had

REFERENCES

Am Jur 2d, Criminal Law §§ 537, 583, 599.
See ALR Index under Sentence and Punishment.

been used at the original sentencing. Accordingly, the correct minimum sentencing range from the sentencing guidelines is zero to thirty-six months.

2. It is clear from the record that the trial court improperly considered good-time credits in determining the length of the sentence imposed.

3. The trial court abused its discretion by imposing a minimum sentence in excess of the recommended range without articulating a valid reason for the departure. The court's belief that the recommended range is unsatisfactory in general is not a valid reason for departure.

Remanded for resentencing before a different judge.

MICHAEL J. KELLY, P.J., dissenting, stated that the defendant's sentence of five to fifteen years should be affirmed because the trial court's departure from the recommended range did not constitute an abuse of discretion.

HOMICIDE — INVOLUNTARY MANSLAUGHTER — SENTENCING — SENTENCING GUIDELINES.

A defendant convicted of involuntary manslaughter should not be assessed any points under Homicide Offense Variable 3 of the sentencing guidelines, which requires an intent to kill or injure, because involuntary manslaughter involves no intent to injure, is not committed in an extreme emotional state caused by adequate provocation but before a reasonable time to calm down has elapsed, and does not constitute gross negligence amounting to an unreasonable disregard for life.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*William D. Renner, II,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

SHEPHERD, J. This Court released an opinion for publication in this matter on January 19, 1993. On its own motion, the Court withdrew the opinion for reconsideration. This opinion is the revised opinion of the Court, which reaches the same result with certain changes in language.

Defendant originally pleaded guilty to one count of involuntary manslaughter, MCL 750.321; MSA 28.553, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and was sentenced to consecutive prison terms of five to fifteen years and two years, respectively. Defendant admitted that, while intoxicated, she aimed a shotgun at her friend Carol Daniels, with whom she had shared an apartment for seventeen years, and accidentally shot and killed her. Defendant stated that she thought that the gun was unloaded when it fired. After sentencing, defendant filed a claim of appeal as well as a timely motion for resentencing arising out of an error in scoring pursuant to the sentencing guidelines, an error stipulated by the prosecutor. See MCR 7.208(A), which provides that in a criminal case the filing of a claim of appeal does not preclude a trial court from granting a timely motion for resentencing under subrule B. On February 19, 1992, defendant was resentenced to the same sentence before the same judge who imposed the original sentence. Defendant now appeals as of right. We remand for resentencing before a different judge.

Defendant argues that the trial court erred in using a score of ten points for Homicide Offense Variable 3 in determining the appropriate minimum sentence range for her conviction of involuntary manslaughter, rather than using the previous score of zero as had been done at the original sentencing. Under defendant's proposed scoring, the sentencing guidelines would provide for a minimum sentence of up to thirty-six months in prison.

We note that this case involves a resentencing after the prosecutor agreed that an incorrect score had been given for Prior Record Variable 5. At

resentencing, the probation department rescored
ov 3, giving a score of ten points for defendant's
conviction of involuntary manslaughter, after hav-
ing originally given a score of zero points for ov 3.
As a result, the sentencing guidelines' range on
resentencing was the same as before, twelve to
sixty months.

We agree with defendant that the trial court
erred in scoring this offense variable. Homicide
Offense Variable 3 provides:

> Intent to Kill or Injure
>
> *  *  *
>
> 10 Intent to injure; or homicide committed in an
> extreme emotional state caused by an adequate
> provocation and before a reasonable amount of
> time has elapsed for the offender to calm; or gross
> negligence amounting to an unreasonable disre-
> gard for life
> 0 Other homicides

The instructions to ov 3 provide:

> B. Score "10" where a killing is intentional
> within the definitions of murder second degree or
> voluntary manslaughter but the death occurred in
> a combative situation or in response to victimiza-
> tion of the offender by the decedent.

As indicated, ov 3 should be given a score of ten
points only for offenses of second-degree murder or
voluntary manslaughter. Here, defendant pleaded
guilty of involuntary manslaughter. Consequently,
defendant's offense was incorrectly scored at resen-
tencing.

Because defendant was given a score of zero
points on this variable at her original sentencing,
she should have been given that same score at
resentencing. If a score of zero points had been

given for ov 3, the total score for offense variables would have fallen in the zero- to nine-point range of the Level I classification, and, thus, the correct guideline range in this case would be zero to thirty-six months, not twelve to sixty months.

Defendant next argues that the trial court, after rejecting the recomputed guideline range, erred at resentencing by considering prison credit in determining her sentence.

In *People v Fleming*, 428 Mich 408; 410 NW2d 266 (1987), the Court held that the effect of good-time or disciplinary credits may not be considered by a sentencing judge to enhance a defendant's sentence. See also *People v Stack*, 156 Mich App 564; 402 NW2d 7 (1986); *People v McCracken*, 172 Mich App 94; 431 NW2d 840 (1988); *People v Wytcherly (On Rehearing)*, 176 Mich App 714; 440 NW2d 107 (1989).

At resentencing in this case, the trial court remarked:

> So far as disposing of the matter by judgment of sentence, I'm going to leave it up to you gentlemen and the Court of Appeals and the Supreme Court, whoever else want to take a look at it, as to how these things should be scored. You've both made your points on the record, both had your positions stated. This is another example of where somebody in the ivory towers in Lansing setting up sentencing guidelines wait for decisions to come down in order to tell them what they decided. In the meantime much money and time is spent on appeal. So be it. I'm going to accept the guidelines as indicated. That an appropriate sentence should be from one to five. I understand that your position, Mr. Renner, is that one to three. If I am wrong, if Mr. Watkins is wrong, if Mr. Smith is wrong that the appropriate guidelines should be from one to three, I advisedly, knowingly, and intentionally exceed those guidelines. So I don't want to hear

back from the Court of Appeals on the basis that I should have mentioned this. One to five is satisfactory to me. One to three is completely unsatisfactory to me. If one to three is proper, I exceed them.

   . . . Whether one is involved in a voluntary or involuntary manslaughter makes no difference, I think, the way you gentlemen have been talking about the guideline. And someone accidentally pushes a knife through someone else's chest or their back while they're both intoxicated and they plead to manslaughter, involuntary or voluntary, and they are sentenced by this Court for a period of three years. This would be completely unsatisfactory, I think, to anyone with normal intelligence, that you can kill somebody and get away with a three year prison sentence. I'm also not unfamiliar with the fact that—I think this is common knowledge—that the Department of Corrections, when someone has about two years left they get one of their home improvement programs where somebody comes back into the community. I don't think, Mr. Renner, you or Mr. Smith or Mr. Watkins and certainly not myself would care to face the citizenry on the street or anywhere else where somebody could kill somebody and meet the public on the street in about a year. I'll speak right out and say that this is asinine. As a result I exceed those limits.

We agree with defendant that the trial court committed error requiring resentencing by taking into account good-time credits in determining the length of the sentence.

We also agree with defendant that the trial court abused its sentencing discretion by violating the principle of proportionality enunciated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

Under *Milbourn*, p 656, a sentence must be proportionate to the nature of the offense and the background of the offender. Although the second

edition of the sentencing guidelines is the best "barometer" of where a given case falls on the continuum, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*, p 661. The Court also stated:

> With regard to the principle of proportionality, it is our judgment that the imposition of the maximum possible sentence in the face of compelling mitigating circumstances would run against this principle and legislative scheme. Such a sentence would represent an abdication—and therefore an abuse of discretion. The trial court appropriately exercises the discretion left to it by the Legislature *not* by applying *its own* philosophy of sentencing, but by determining where, on the continuum from the least to the most serious situations, an individual case falls and by sentencing the offender in accordance with this determination. [*Id.*, pp 653-654.]

Where a sentencing court departs from the guidelines' range, it must articulate its reasons both on the record at sentencing and on the sentencing information report. *Fleming, supra,* p 428.

Given that the guidelines' range used by the trial court was incorrect, the sentence of five to fifteen years imposed by the trial court exceeded the guidelines range. As the remarks above indicate, the trial court said that even if the new guidelines range were not correct, it was exceeding the guidelines, no matter what. The trial court's remarks in this regard do violence to the idea that valid reasons for exceeding the guidelines must be given. *Id.*

In addition, the trial court said: "Whether one is involved in a voluntary or involuntary manslaughter makes no difference." That is only true in the

sense that the Legislature has set the same maximum sentence for the crime of both categories of manslaughter, MCL 750.321; MSA 28.553. It does make a difference, however, in determining the degree of culpability and the relative severity of the sentence. This involves a judicial determination that must be consistent with *Milbourn.* For that reason, the trial judge should have taken into account the involuntary nature of the offense of which defendant pleaded guilty.

In short, the defendant admitted accidentally firing a gun she thought to be unloaded. The plea of guilty was arguably accepted on that basis. The sentence was imposed as if the offense were far more serious. On resentencing, the matter for the court to decide should be the appropriate sentence for one who is guilty of the acts of which she actually pleaded—not other more serious acts unless there is record evidence that the more serious acts were committed. See *Fleming, supra; People v Purcell,* 174 Mich App 126; 435 NW2d 782 (1989). If defendant denies the more serious acts, any conflicts will have to be resolved by the sentencing judge.

Accordingly, we must once more remand this case for resentencing. In view of the trial court's strong language and the fact that defendant has been twice sentenced by the same judge, we remand for resentencing before a different judge. *People v Evans,* 156 Mich App 68; 401 NW2d 312 (1986). On remand, the trial court should endeavor to sentence defendant consistent with *Milbourn.*

Remanded for resentencing. We do not reserve jurisdiction.

FITZGERALD, J., concurred.

MICHAEL J. KELLY, P.J., *(dissenting).* I would

affirm the sentence of five to fifteen years for defendant's plea-based conviction of involuntary manslaughter. (The majority does not advert to the felony-firearm sentence and neither does the appellant. I assume that sentence is affirmed.)

The trial court was faced with alternative scoring interpretations that, in my opinion, were equally plausible. Although the trial court opted for the ten-point scoring of ov 3, it was influenced no doubt by the factual predicate that was related in the presentence report of November 7, 1991, and at the plea proceedings, including: (1) a seventeen-year live-in relationship between defendant and the victim, who defendant likened to a "beloved spouse"; (2) a life of apparent wine addiction and basic-level existence of nineteen years without gainful employment; (3) blood alcohol tests on both defendant and the victim that showed three times the level of serious impairment, i.e., 0.29 for defendant several hours after arrest and 0.34 for the victim post-mortem; (4) vociferous argument between the parties both in and out of the bar at which they were last drinking, including defendant throwing a glass of beer in the face of a bar patron and tipping trash barrels on the sidewalk; (5) a late-night shotgun discharge by defendant on the street outside her second-floor apartment; and (6) the reloading of the shotgun before the killing, although defendant claimed she thought the gun was not loaded when she pointed it at the victim.

The majority opines that scoring ten points for involuntary manslaughter under ov 3 is error, either because involuntary manslaughter cannot be scored under ov 3 or because defendant was originally scored zero points on this variable at her original sentencing. I think it is arguable that involuntary manslaughter can be scored ten points in the category of "gross negligence amounting to

an unreasonable disregard for life," but I do not dissent on that basis. I dissent because the trial judge conceded the possibility that the scoring should be zero and that the minimum sentence under the guidelines should be one not exceeding thirty-six months, and then deliberately, consciously, and intentionally exceeded the guidelines' recommendation in order to respond adequately to the crime and the criminal in a measured, proportionate, and reasonable fashion. I find no abuse of discretion and no reason for resentencing. In essence, this lady got drunk, argued with her live-in lover, and then loaded, pointed, and pulled the trigger of a single-shot .410 gauge shotgun, from a distance of six to nine feet from the victim, with the result of blowing the victim's heart and life away instantly.

The trial judge said:

> [I]f . . . the appropriate guidelines should be from one to three, I advisedly, knowingly, and intentionally exceed those guidelines. So I don't want to hear back from the Court of Appeals on the basis that I should have mentioned this.
>
> \* \* \*
>
> [A three-year minimum] would be completely unsatisfactory, I think, to anyone with normal intelligence, that you can kill somebody and get away with a three-year prison sentence. I am also not unfamiliar with the fact that . . . the Department of Corrections, when somebody has about two years left they get one of their home improvement programs where somebody comes back into the community . . . . I'll speak right out and say that this is asinine. As a result I exceed those limits.
>
> [*People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990)] says we have to look at the seriousness of the conduct. So far as the victim is concerned, it's probably one of the most serious acts that ever

took place in her life because she no longer is alive and she's now some number of feet within the ground.

I find no reliance by the trial court on any scoring error. I find no abuse of discretion. On the contrary, I find the trial court's observations totally appropriate and its departure from the recommended range by less than a factor of two to be proportional to the crime and the criminal.

I would affirm.