PEOPLE v LOWERY

Docket No. 240001. Submitted August 5, 2003, at Detroit. Decided August
    21, 2003, at 9:00 A.M.

Earl Lowery, Jr., was convicted by a jury in the Wayne Circuit Court,
    Leonard Townsend, J., of felonious assault (MCL 750.82) and pos-
    session of a firearm during the commission of a felony (MCL
    750.227b) after he shot his nephew. The defendant was sentenced
    to eighteen months to four years' imprisonment for the felonious
    assault conviction, reflecting an upward departure from the statu-
    tory sentencing guidelines. The defendant appealed, arguing that
    the trial court did not provide a substantial and compelling reason
    for departing from the sentencing guidelines, that his sentence was
    disproportionate, and that the trial court erred by refusing to give
    instructions on certain lesser offenses.

    The Court of Appeals *held*:

    1. A court may depart from the recommended sentence range if
    it has a substantial and compelling reasons for that departure and
    states those reasons on the record. MCL 769.34(3). Specifically, a
    court may depart from the guidelines where there are legitimate
    factors not considered by the guidelines or where factors consid-
    ered by the guidelines have been given inadequate or dispropor-
    tionate weight. Here, the trial court indicated that the pertinent
    sentencing guidelines failed to consider, or gave inadequate weight
    to, the fact that the defendant actually shot and injured the victim,
    as opposed to simply discharging a firearm at someone, MCL
    777.31(1)(a) (offense variable 1), or causing bodily injury requiring
    medical treatment, MCL 777.33(d) (offense variable 3). Shooting
    and injuring an individual substantiates an upward departure from
    the sentencing guidelines, and satisfies the principle of proportion-
    ality. The trial court did not err in upwardly departing from the
    guidelines in this case, and the defendant's sentence is proportion-
    ate for the same reasons.

    2. The defendant was not entitled to an instruction on the lesser
    offense of reckless discharge of a firearm causing injury, MCL
    752.861, because that offense is not a necessarily included offense
    of assault with intent to murder, MCL 750.83, the offense with
    which the defendant was originally charged. A person can commit

assault with intent to murder without committing the offense of reckless discharge of a firearm. Thus, the reckless discharge offense is a cognate lesser offense of assault with intent to murder, and no instruction was warranted.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — DEPARTURES.

That a defendant actually shot and injured the victim constituted a substantial and compelling reason for upwardly departing from the sentencing guidelines given that such a factor was not considered or given adequate weight by the guidelines. (MCL 769.34[3], 777.31[1][a], 777.33[d]).

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael E. Duggan,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Lamar Moreland,* Assistant Prosecuting Attorney, for the people.

*Lawrence J. Lacey* for the defendant.

Before: DONOFRIO, P.J., and BANDSTRA and O'CONNELL, JJ.

O'CONNELL, J. Defendant Earl Lowery, Jr., appeals as of right his jury trial convictions of felonious assault, MCL 750.82;[1] and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant was sentenced to eighteen months to four years' imprisonment for the felonious assault conviction, which was an upward departure from the sentencing guidelines, and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant first argues that the sentencing court did not provide a substantial and compelling reason to

---

[1] Defendant was originally charged with assault with intent to commit murder, MCL 750.83.

depart from the statutory sentencing guidelines range.[2] We disagree.

This Court reviews the sentencing court's determination of the existence or nonexistence of a particular factor for clear error. See *People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003), and the accompanying appendix,[3] quoting *People v Babcock*, 244 Mich App 64, 75-76; 624 NW2d 479 (2000) (*Babcock I*).[4] This Court reviews whether the particular factor is objective and verifiable as a matter of law. *Id.* A lower court's determination that the objective and verifiable factors present in the particular case constitute a substantial and compelling reason to depart from the guidelines range is reviewed for an abuse of discretion. *Id.* at 274.[5]

The trial court must impose a minimum sentence within the guidelines range unless a departure from

---

[2] Because the offense was committed after January 1, 1999, the statutory sentencing guidelines apply. See MCL 769.34(2); *People v Reynolds*, 240 Mich App 250, 254; 611 NW2d 316 (2000).

[3] Justices MARKMAN, KELLY, and TAYLOR signed the lead opinion in *Babcock*, 469 Mich 247. Chief Justice CORRIGAN wrote separately concurring in part and dissenting in part, and Justice YOUNG signed that opinion. Justice CAVANAGH wrote separately concurring in part and dissenting in part, and Justice WEAVER wrote separately dissenting in part and concurring in part. Because a majority of the justices writing separately concurred with most of the lead opinion except one or two parts specifically stated in those separate opinions, we conclude that a majority of justices concurred with the appendix. Thus, the appendix is binding law. See, e.g., *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999), and its accompanying appendix, 773-774.

[4] Our Supreme Court's recent decision in *Babcock, supra* at 251, 271 (CORRIGAN, C.J, and CAVANAGH, J., concurring) reversed and remanded *People v Babcock*, 250 Mich App 463; 648 NW2d 221 (2002) (*Babcock II*).

[5] Defendant questions the "abuse of discretion" standard for sentencing departures and cites *Babcock II* in support of de novo review. As we noted, our Supreme Court recently reversed *Babcock II* and clearly articulated the three standards of review applicable to sentencing decisions. *Babcock, supra*, at 251, 273-274.

the guidelines is otherwise permitted. MCL 769.34(2); *Babcock, supra* at 272, see also 259 n 13, 271 (CAVANAGH, J., concurring). A court may depart from the appropriate sentence range if it has substantial and compelling reasons for that departure and states those reasons on the record. MCL 769.34(3); see also *People v Hegwood*, 465 Mich 432; 636 NW2d 127 (2001). Substantial and compelling reasons only exist in exceptional circumstances, and the reasons justifying departure should keenly or irresistibly grab the court's attention and be recognized as having considerable worth in determining the length of a sentence. *Babcock, supra* at 272 (quotation omitted). "The court may depart from the guidelines for nondiscriminatory reasons where there are legitimate factors not considered by the guidelines or where factors considered by the guidelines have been given inadequate or disproportionate weight." *People v Armstrong*, 247 Mich App 423, 425; 636 NW2d 785 (2001), citing MCL 769.34(3)(a), (b).

In this case, the sentencing information report recommended a minimum sentence range of zero to nine months. The trial court sentenced defendant to a minimum of eighteen months, reasoning that defendant, by obtaining a gun and shooting someone, deserved a greater sentence. The trial court also mentioned that its discretion cannot be taken away and that the guidelines were not appropriate as drafted.

The trial court expressed its reasoning for the departure by implying that the characteristics were given inadequate weight. See MCL 769.34(3)(b). Further, the trial court explained why it was making its *particular* departure by criticizing the recommendation and mentioning that zero to nine months was not

appropriate. See *Babcock, supra* at 272. The trial court also stated that, "what they're saying is the man who was shot, his life isn't worth anything," that this "is a grave offense," and that the court "believes there is substantial and compelling reasons not to follow the guidelines." See generally *Babcock, supra* at 272; *Armstrong, supra* at 425.

We concur with the trial court that the fact that the victim was shot is a substantial and compelling reason to depart from the guidelines. Although offense variable (OV) 1 considers whether a firearm was discharged at or toward a human being and OV 3 considers whether a victim suffered bodily injury that required medical treatment, see MCL 777.31(1)(a), 777.33(d), neither variable considers someone actually being shot. Injury to a victim as a result of being shot is in fact a substantial and compelling reason to depart from the guidelines, and constituted a substantial and compelling reason for the trial court's *particular* departure in this case, see *Babcock, supra* at 272, regardless of whether the gun contained ordinary bullets.[6] The degree of the injury and the nature of the shooting are significant factors. Cf. *People v Abbett*, 443 Mich 863, 863-864; 503 NW2d 656 (1993) (CAVANAGH, C.J., and LEVIN, J., concurring; upward departure under judicial sentencing guidelines was warranted where the defendant shot the victim although she thought the gun was empty), reversing *People v Abbett*, 199 Mich App 334; 501 NW2d 177 (1993) (trial court violated the principle of proportionality in issuing a lesser sentence where the defen-

---

[6] Defendant shot the victim with a shotgun loaded with pellets, and the victim suffered injuries to his side, legs, and hands, which required overnight hospitalization.

dant did not think the gun she fired contained any bullets). Therefore, the trial court did not abuse its discretion when it departed from the sentencing guidelines.

Moreover, we hold that the sentence is proportionate. If there is a substantial and compelling reason for the departure, the extent of the departure is reviewed for an abuse of discretion. *Babcock, supra* at 274. A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality, which requires that the sentence be proportional to the seriousness of the circumstances surrounding the offense and offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990); see also *Babcock, supra* at 262 n 20, 271 (CORRIGAN, C.J., and CAVANAGH, J., concurring). For the reasons already stated, we hold that shooting and injuring someone substantiates an upward departure from the sentencing guidelines and satisfies the principle of proportionality, i.e., a substantial and compelling reason for the trial court's *particular* departure. See *Babcock, supra* at 273; see also *Abbett, supra* at 863.

Defendant next argues that the trial court erred in refusing to instruct the jury regarding the lesser included offenses of intentionally aiming a firearm without malice, MCL 750.233; discharge of a firearm aimed intentionally but without malice, MCL 750.234; and reckless discharge of a firearm causing injury, MCL 752.861. We disagree.

Because defendant made a timely objection to the court's refusal to instruct the jury on reckless discharge of a firearm as a lesser offense, that argument is preserved. To warrant reversal of his convictions, defendant must show that it is more probable than

not that the failure to give the requested instruction undermined the reliability of the verdict. *People v Cornell*, 466 Mich 335, 365; 646 NW2d 127 (2002). However, defendant waived his right to appeal the other two instructions by informing the trial court that he had "no additional objections." *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000).

A claim of instructional error is reviewed de novo. *People v Hubbard (After Remand)*, 217 Mich App 459, 487; 552 NW2d 493 (1996). Whether a jury instruction on a lesser offense is warranted depends on how the lesser offense is characterized. Instructions on cognate lesser offenses are not permitted, while instructions on necessarily included offenses are proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. *Cornell, supra* at 359. A cognate lesser offense is one that shares some common elements with, and is of the same nature as, the greater offense, but also has elements not found in the charged offense. *Id.* at 351, 355. On the other hand, all elements of a necessarily included lesser offense are contained within those of the greater offense. *Id.* at 357. Thus, with a necessarily included offense, "it is impossible to commit the greater without first having committed the lesser." *Id.* at 345 (quotation omitted).

Defendant requested a jury instruction on reckless discharge of a firearm causing injury, MCL 752.861, which is not a necessarily included offense of assault with intent to murder, MCL 750.83. A person can commit assault with intent to murder without committing the offense of reckless discharge of a firearm. *People v Flinnon*, 78 Mich App 380, 390; 260 NW2d

106 (1977). MCL 752.861 requires that a firearm be carelessly, recklessly, or negligently discharged causing death or injury; neither the use of a firearm nor death or injury is an element of MCL 750.83. Therefore, the offense at issue is a cognate lesser offense of assault with intent to murder, and would not be included in the jury instructions. *Cornell, supra* at 359.

Affirmed.