*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEAN ANTHONY,

Defendant-Appellant.

UNPUBLISHED
February 28, 2019

No. 340535
Oakland Circuit Court
LC No. 2017-263059-FH

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of third-degree home invasion, MCL 750.110a(4), and malicious destruction of personal property less than $200, MCL 750.377a(1)(d). The trial court sentenced defendant as a second habitual offender, MCL 769.10, to 16 months to 7½ years of imprisonment for his third-degree home invasion conviction and to 56 days of imprisonment for his malicious destruction of property conviction. Finally, the trial court also assessed $500 of court costs to defendant under MCL 769.1k. Defendant appeals as of right, and we affirm.

## I. FACTS

In the early morning hours of May 15, 2017, defendant came to the house of his ex-girlfriend, BS, and asked her to let him in. BS declined and, after thinking that defendant had left, went into her garage to take her daughter to the airport. As BS opened the garage door, defendant entered the garage and refused to leave. BS thereafter called the police and left to bring her daughter to the airport. Police arrived, called a cab for defendant, and told him that he needed to leave. The police officers left before the cab arrived. When BS returned home she drove into her garage and defendant entered her garage as she was closing the garage door. BS again asked defendant to leave and he refused. Defendant then began kicking the front of BS's vehicle and hitting the driver's side window with a piece of cement. Defendant's actions prompted BS to call the police again. Defendant was detained by police upon their arrival.

## II. DISCUSSION

## A. THE PROPORTIONALITY OF DEFENDANT'S SENTENCE

Defendant argues that his third-degree home invasion sentence is disproportionate to his circumstances as well as the circumstances of his offense. We disagree.

The proportionality of a defendant's sentence is reviewed for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003); see also *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). The trial court's interpretation of statutes and court rules is reviewed de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004).

A sentence that falls within the appropriate sentencing guidelines range "is presumptively proportionate and must be affirmed." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), lv pending. Consequently, "this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). Furthermore, MCL 769.34(10) codifies the instances in which a defendant can challenge his or her sentence, providing:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

This Court has construed this statute to mean that "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Defendant's argument that MCL 769.34(10) has not survived our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), is unpersuasive in light of this Court's holding in *Schrauben*, which has clearly construed MCL 769.34(10) as remaining in effect after *Lockridge*.

Defendant does not argue that his sentence fell outside the applicable sentencing guidelines range of 5 to 28 months, that the trial court relied on inaccurate information, or that there was an error in scoring the guidelines. Therefore, defendant cannot challenge his sentence and we must affirm.

B.  MCL 769.1k

Defendant next argues that the court costs assessed against him under MCL 769.1k are an unconstitutional tax.  We disagree.

Challenges to the imposition of fees and court costs under MCL 769.1k that are not based on the defendant's indigency or the applicability of the statute must be made at the trial court level to be preserved.  *People v Jackson*, 483 Mich 271, 292 n 18; 769 NW2d 630 (2009). Defendant did not challenge the constitutionality of the trial court's assessment of court costs against him at the trial court level.  As a result, the issue is unpreserved.  We review unpreserved issues are reviewed for plain error affecting substantial rights.  *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.  The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings.  It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.  Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse.  Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence.  [*People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks, citations, and brackets omitted).]

In the instant context, prejudice "requires a showing . . . that the error affected the outcome of the lower court proceedings."  *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014) (quotation marks and citation omitted).  Finally, the trial court's interpretation of statutes and court rules is reviewed de novo.  *Kimble*, 470 Mich at 308-309.

Under MCL 769.1k, trial courts can impose court costs on defendants as long as those costs are "reasonably related to the actual costs incurred by the trial court."  *People v Cameron*, 319 Mich App 215, 226; 900 NW2d 658 (2017), lv pending.  In *Cameron*, this Court recently held that the cost assessment of MCL 769.1k is a tax, not a fee, and that the tax is constitutional and within a trial court's power to assess to a defendant.  *Id*. at 236.  Specifically, the *Cameron* Court held that MCL 769.1k is a tax because it is a "revenue-raising statute," the costs incurred by payor defendants "are not proportionate to the service provided," and payor defendants do not have the ability to refuse or limit the service they are paying for (i.e., the use of the court system to convict them).  *Id*. at 224, 227-229.  Because it is a tax, the *Cameron* Court then examined whether MCL 769.1k complies with the Distinct Statement Clause[1] of the Michigan Constitution, Const 1963, art 4, § 32.  The Court held that MCL 769.1k does not violate the

---

[1] "Every law which imposes, continues or revives a tax shall distinctly state the tax."

Distinct Statement Clause because "defendant has presented no evidence indicating that the Legislature did not intend MCL 769.1k(1)(b)(*iii*) to raise revenue for the courts or that the court costs collected are directed to a use unintended by the Legislature." *Id*. at 231. Finally, the *Cameron* Court then examined whether MCL 769.1k violates the separation of powers provision of the Michigan Constitution. The Court held that MCL 769.1k does not violate separation of powers because "the Michigan Constitution does not require an absolute separation of powers" and MCL 769.1k gives courts adequate guidance such that they do not infringe on the Legislature's taxing power. *Id*. at 235. Thus, the Court held that MCL 769.1k is a constitutional tax.

Defendant acknowledges that *Cameron* is controlling precedent that binds us, even though it is pending leave in our Supreme Court. See MCR 7.215(C)(2). Nevertheless, defendant argues that we should hold that MCL 769.1k is an *unconstitutional* tax in anticipation of the Supreme Court coming to that same conclusion after it addresses *Cameron*. We lack that authority because the *Cameron* Court addressed the exact same issue and held that MCL 769.1k is a constitutional tax. As a result, defendant has failed to prove how the imposition of costs under MCL 769.1k in this case constituted any error, plain or otherwise.

Affirmed.

/s/ Jonathan Tukel
/s/ Michael F. Gadola