*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAIR AMON HARRIS,

        Defendant-Appellant.

UNPUBLISHED
January 7, 2021

No. 343632
Chippewa Circuit Court
LC No. 17-003293-FH

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his conviction of prisoner in possession of a weapon, MCL 800.283(4). Defendant was sentenced, as a second habitual offender, MCL 769.10, to a prison term of 60 to 90 months, to be served consecutively to the sentence he already was serving when he committed this offense. Defendant argues that his sentence is disproportionate to his offense and that the trial court erred by sentencing him to an out-of-guidelines sentence which was above the applicable sentencing guidelines range of the now-advisory guidelines.[2] We disagree, and therefore affirm defendant's sentence.

## I. UNDERLYING FACTS

In December 2015, defendant was in prison serving a sentence for an unrelated offense. While in prison, defendant stabbed another inmate multiple times. The victim suffered a collapsed

---

[1] *People v Harris*, ___ Mich ___; 919 NW2d 51 (2019).

[2] For a discussion of the greater precision of the term "out-of-guidelines" sentence as compared to the term "departure" under the now-advisory sentencing guidelines, see *People v Lampe*, 327 Mich App 104, 133; 933 NW2d 314 (2019) (Boonstra, J., concurring). The trial judge in fact used the more precise terms "outside the guideline range" and "above the guideline range" rather than "departure."

lung as a result of the attack. Defendant had an extensive history of violation of prison rules, resulting in 23 infractions at the time he was sentenced. Defendant now appeals the sentence imposed following his guilty plea.

## II. PROPORTIONALITY OF SENTENCE

### A. STANDARD OF REVIEW

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

### B. ANALYSIS

While "the sentencing guidelines do not apply to the sentencing of habitual offenders," *People v Hansford*, 454 Mich 320, 323-324; 562 NW2d 460 (1997); MCL 777.11, the principle of proportionality still applies to the sentencing of habitual offenders, *People v Payne*, 285 Mich App 181, 192; 774 NW2d 714 (2009). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (*Steanhouse II*) (citation omitted). "The nature of the offense and the background of the offender" must be taken into account when making this assessment. *Id*. at 472, quoting *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990), abrogation recognized by *Steanhouse II*, 500 Mich at 453.

Trial courts must consult the sentencing guidelines when imposing a sentence, but " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id*. at 474-475, quoting *Milbourn*, 435, Mich at 661. In imposing an out-of-guidelines sentence, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence [i.e., one within the guidelines,] would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted). "However, this is not to say that the trial court must explain why it chose a twelve-month departure as opposed to an eleven-month departure (or indeed as opposed to any one of countless other potential departures). Rather, the trial court must simply explain why the actual departure that it imposed is justified." *People v Babcock*, 469 Mich 247, 260 n 14; 666 NW2d 231 (2003); see also *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). Notably, our Supreme Court has expressly rejected dicta suggesting "presumptions of unreasonableness for out-of-guidelines sentences." *Id*. at 474. Rather, the principle of proportionality simply "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636; see also *Steanhouse II*, 500 Mich at 474.

A trial court violates the principle of proportionality if it fails "to provide adequate reasons for the extent of the departure sentence imposed." *Steanhouse II*, 500 Mich at 476. This Court

has summarized the principle of proportionality test in *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017):

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. [Citations and quotation marks omitted.]

"Other factors listed by this Court in *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) [(*Steanhouse I*)], rev'd in part on other grounds by [*Steanhouse II*, 500 Mich 453], include 'the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Dixon-Bey*, 321 Mich App at 525 n 9 (citations omitted).

When sentencing defendant, the trial judge characterized the offense in this case as "very serious." Indeed, defendant's victim almost died as a result of the assault and multiple stabbings in this case. This was a proper basis on which the trial court could base an out-of-guidelines sentence. See *Babcock*, 469 Mich at 249 (noting that if the defendant stabbed his victim multiple times, or in a manner designed to inflict maximum harm, that might constitute a substantial and compelling reason for a departure because these characteristics may have been given inadequate weight in determining the guidelines range).[3] Additionally, the trial judge listed four reasons for the out-of-guidelines sentence he imposed, stating:

> First and foremost, Mr. Harris, this sentence is punitive in nature. It's for the protection of society. It's to serve as a deterrent effect. And it's to allow you the opportunity to rehabilitate yourself in the Michigan Department of Corrections. And I hope you take advantage of those opportunities, Mr. Harris.

It is clear that the trial judge imposed this punitive sentence due to defendant's criminal history, the seriousness of the offense, and defendant's extensive history of prison infractions. The trial judge additionally stated that the sentence imposed was designed to have a deterrent effect, likely in the hope that defendant would not commit similar prison infractions in the future. Finally, the

---

[3] *Babcock* was decided prior to *Lockridge*, at a time when a sentence within the guidelines was mandatory absent a "substantial and compelling reason." Given that the guidelines are now advisory, the viciousness of a stabbing, including multiple stabbings of the victim as in this case, provides even greater justification for an out-of-guidelines sentence above the suggested guideline range.

trial judge also stated that the sentence was imposed to provide defendant with opportunities for rehabilitation.

We find no abuse of discretion in the trial court's reasoning. The trial judge provided an adequate justification for the sentence imposed in this case. The sentencing guidelines did not adequately consider defendant's criminal history or his history of 23 prison infractions.[4] When the offense in this case occurred, defendant was already in prison, and had a history of other violent offenses. The trial court correctly calculated and considered the guidelines, see *Steanhouse II*, 500 Mich at 474-475. The trial court then applied the principle of proportionality, by thoroughly analyzing "the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636; see also *Steanhouse II*, 500 Mich at 459. As we have noted, "the seriousness of the circumstances surrounding the offense and the offender" are the key considerations rather than whether a sentence "departs from or adheres to the guidelines' recommended range," see *Steanhouse II*, 500 Mich at 472, 474.

Furthermore, the trial judge explicitly stated that he was imposing the out-of-guidelines sentence in this case for multiple reasons: first, as a punitive measure; second, to protect society; third, to act as a deterrent; and fourth, to provide defendant with an opportunity to rehabilitate. These considerations were not adequately accounted for in the sentencing guidelines in relation to defendant's circumstances, because they extend beyond the offense itself and defendant's criminal history. See *Dixon-Bey*, 321 Mich App at 525 n 9, quoting *Houston*, 448 Mich at 323 (holding that a trial court was fully justified in relying on " 'the defendant's misconduct while in custody' " as a basis for an out-of-guidelines sentence above the guidelines.); *Dixon-Bey*, 321 Mich App at 525 (finding that a defendant's poor "potential for rehabilitation," also justifies an out-of-guidelines sentence).

In short, the record is quite clear that the trial court considered the "nature of the offense and the background of the offender," *Milbourn*, 435 Mich at 651. As this Court noted in *People v Walden*, 319 Mich App 344, 355; 901 NW2d 142 (2017), the greater discretion given to trial courts in the aftermath of *Lockridge* necessarily "constricts an appellate court's wherewithal to find an abuse of discretion." Indeed, the *Steanhouse II* Court pointed out that trial courts were not required to consider "the principle [of proportionality] to the exclusion of any other permissible concepts." *Steanhouse II*, 500 Mich at 473 n 15.

---

[4] At sentencing, defendant disputed that he received 23 infractions while in prison, but provided the trial court with no evidence to that effect other than his own statement, nor did he provide what he considered to be the accurate number of infractions imposed. We find no error because, "A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233–34; 565 NW2d 389 (1997) (footnote omitted).

-4-

## III.  CONCLUSION

For the reasons stated, we find that the trial court's sentencing decisions were well within the range of its permissible discretion.  Consequently, we affirm defendant's sentence.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel