*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TERRY LEE JACKSON,

       Defendant-Appellant.

UNPUBLISHED
March 4, 2021

No. 351180
Jackson Circuit Court
LC No. 18-004077-FH

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of possession with intent to deliver less than 50 grams of a controlled substance, second or subsequent offense, MCL 333.7401(2)(a)(*iv*); MCL 333.7413. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 36 to 480 months' imprisonment. On appeal, defendant argues that although his sentence falls within the guidelines, it is unreasonable and violates the principle of proportionality. We disagree and affirm defendant's sentence.

## I. UNDERLYING FACTS

Police obtained a search warrant for defendant's house after defendant sold heroin to a confidential informant. Police then searched defendant's residence and found heroin and drug paraphernalia. Defendant told police that he was a heroin addict and was only selling heroin to support his addiction. A jury convicted defendant as detailed above, and defendant's minimum sentencing guidelines range was set at 10 to 46 months' imprisonment. No changes to the guidelines were argued by either party. The trial court sentenced defendant to 36 to 480 months' imprisonment. Defendant now appeals.

## II. PROPORTIONALITY OF SENTENCE

### A. STANDARD OF REVIEW

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence

constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

## B. ANALYSIS

"When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10).[1]  "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018).  In contrast, however, a sentence that falls within the appropriate sentencing guidelines range "is presumptively proportionate and must be affirmed." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), reversed on other grounds 504 Mich 929 (2019).

Defendant argues that we should find that MCL 769.34(10) is no longer valid in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which rendered the sentencing guidelines advisory.  Specifically, defendant argues that the only fair reading of *Lockridge* and MCL 769.34(10) would also render that statute invalid, because it imposes a mandatory, irrebuttable presumption of reasonableness for sentences imposed within the guidelines.  Whatever the merits of that argument might be if we were writing on a blank slate, it is not an option available to us.  This Court already has addressed that issue and held that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1.  Although there has been some question regarding the constitutionality of MCL 769.34(10) post-*Lockridge*,[2] this Court's invariable rule requires us to follow published opinions under the principle of stare decisis.  MCR 7.215(J)(1) ("A

---

[1] MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.  A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

[2] For example, in *People v Ames*, 501 Mich 1026; 908 NW2d 303 (2018), our Supreme Court directed oral argument on the application for leave to appeal in that case to consider whether MCL 769.34(10) has been rendered invalid by *Lockridge*.  After hearing oral argument, our Supreme Court denied leave to appeal in that case. *People v Ames*, 504 Mich 899; 929 NW2d 283 (2019).  Nevertheless, our Supreme Court's decision to deny leave to appeal has no precedential value.  See *Nuculovic v Hill*, 287 Mich App 58, 68; 783 NW2d 124 (2010); MCR 7.305(H)(3) ("If leave to appeal is denied after a decision of the Court of Appeals, the Court of Appeals decision becomes the final adjudication and may be enforced in accordance with its terms.").

panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule."). Thus, this Court is bound by its published decision in *Schrauben*, 314 Mich App 181.

Defendant's sentence was 36 to 480 months' imprisonment, which was within his minimum sentencing guidelines range of 10 to 46 months' imprisonment. Defendant does not argue that there was a scoring error or reliance upon inaccurate information in determining his sentence. Consequently, we must affirm the trial court's sentence. See MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

## III. CONCLUSION

Defendant's sentence was within the advisory guideline sentencing range. We are precluded by statute and stare decisis from reviewing it.

For the reasons stated in this opinion, defendant's sentence is affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel