# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JACK LEROY WINE, JR.,

       Defendant-Appellant.

UNPUBLISHED
March 6, 2018

No. 336042
Calhoun Circuit Court
LC No. 2013-001828-FC

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

This matter is before the Court for a second time. Defendant, Jack Leroy Wine, Jr., appeals as of right his sentence on remand as a fourth-offense habitual offender, MCL 769.12, to 25 years to 50 years' imprisonment for armed robbery, MCL 750.529. The primary issue on appeal is the trial court's decision to score 10 points for offense variable (OV) 4 (psychological injury to victim) after the Michigan Supreme Court had vacated the trial court's earlier sentence based on its conclusion that the trial court erred in assigning 10 points for OV 4 due to the lack of record support. Because no new record evidence was presented at defendant's resentencing, we vacate defendant's sentence and remand to the trial court for another resentencing. We also agree with defendant's contention that he is entitled to sentence credit for the time he spent in prison between his initial sentencing and his resentencing.

## I. OFFENSE VARIABLE 4

Defendant's conviction arises from an armed robbery. A jury convicted defendant and the trial court sentenced him to 25 to 50 years' imprisonment. Among the issues defendant raised in his initial appeal was the trial court's scoring of 10 points for OV 4. We affirmed the trial court's scoring of OV 4 in *People v Wine*, unpublished per curiam opinion, issued February 24, 2015 (Docket No. 318822), and defendant subsequently applied for leave to appeal in the Michigan Supreme Court. In lieu of granting leave, the Supreme Court vacated defendant's sentence and remanded to the trial court for resentencing pursuant to *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006), explaining that there was "no record support that the victims suffered psychological injury." *People v Wine*, 500 Mich 859; 884 NW2d 576 (Mem) (2016). In all other respects, the Michigan Supreme Court denied defendant's application for leave to appeal this Court's judgment. *Id*. At defendant's resentencing, the trial court again scored 10 points for OV 4.

On appeal, defendant contends that the law of the case doctrine prohibited the trial court from scoring points for OV 4 at his resentencing. Whether the law of the case doctrine applies is a question of law that this Court reviews de novo. *Duncan v Michigan*, 300 Mich App 176, 191; 832 NW2d 761 (2013). When an appellate court vacates or reverses a judgment of sentence and remands for resentencing, the trial court may hear additional evidence relevant to sentencing because the case is before the trial court in a presentence posture. See *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007), citing *People v Ezell*, 446 Mich 869; 522 NW2d 632 (1994). Where the facts considered by the trial court for purposes of resentencing remain the same as for imposing the initial sentence, the law of the case doctrine court binds the trial court to the appellate court's decision on the sentencing issue. See *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994) (observing that under the law of the case doctrine, "an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case."). If the appellate court ruled on a legal question and remanded for further proceedings, the legal question may not be determined differently in a later appeal where the facts remain materially the same. *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). "The appellate court's ruling also binds lower tribunals because a lower tribunal may not take action on remand that is inconsistent with the appellate court's judgment." *Id*. at 260. The proper interpretation and application of the statutory sentencing guidelines, i.e., application of the facts to the law, are legal questions.

In the instant case, the trial court did not consider any new factual information relevant to sentencing on remand, but resentenced defendant to his original sentence based on the existing record, which the Michigan Supreme Court had deemed legally insufficient to support a score of 10 points for OV 4. The trial court explained its disagreement with the Supreme Court's ruling as follows:

> I'm hard pressed to understand the Supreme Court's ruling given the totality of the record in this case and the violent, violent nature of this particular offense. . . . . Because based upon whether you look at the police report or whether [you] look at the testimony that was given in this particular case, I can't imagine anybody who survived that circumstance and was present during that as a victim wouldn't need or at least may require in some way psychological treatment.

Defendant argues that the trial court erred by refusing to rescore OV 4 at zero because the law of the case doctrine applied to his resentencing. Defendant contends that the Michigan Supreme Court ordered the trial court to rescore OV 4 and recalculate his minimum sentence range under the statutory guidelines, and then issue his sentence. We agree that, under the circumstances, the law of the case doctrine required the court to score OV 4 at zero points and to resentence defendant accordingly.

For all felony offenses except crimes involving a controlled substance, a trial court imposing a sentence must ascertain and assess a proper score for OV 4. MCL 777.22. The court should assess 10 points for OV 4 where there is evidence that serious psychological injury requiring treatment occurred to the victim. MCL 777.34(1)(a). That no such treatment has been sought, MCL 777.34(2), or is being presently contemplated, *People v Wellman*, 320 Mich App 603, 609-611; __ NW2d __ (2017), is not conclusive. Where there is no evidence that the victim

has suffered serious psychological injury requiring treatment, the court must score OV 4 at zero points. MCL 777.34(1)(b).

In scoring OV 4, "[t]he trial court may not simply assume that someone in the victim's position would have suffered psychological harm because MCL 777.34 requires that serious psychological injury '*occurred* to a victim.'" *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). "There must be some evidence of psychological injury on the record to justify a 10-point score." *Id.* Examples of evidence of psychological injury that would justify an assessment of 10 points include but are not limited to "personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014), citing *People v Gibbs*, 299 Mich App 473, 493; 830 NW2d 821 (2013).[1] The Michigan Supreme Court recently considered a split in the caselaw and concluded that a victim's statement of fearfulness during the crime, without more, is insufficient to justify a 10-point score for OV 4. *People v White*, __ Mich __; 905 NW2d 228 (2017) (Docket No. 149490); slip op at 3-4. In doing so, it overruled *People v Apgar*, 264 Mich App 321; 690 NW2d 312 (2004) to the extent that it held otherwise. *White*, __ Mich __; slip op at 4. It explained in pertinent part:

> While crime victims are often, obviously, and understandably, frightened when a crime is being perpetrated, this fear does not necessarily result in a "serious psychological injury" and . . . a court cannot merely assume that a victim has suffered a "serious psychological injury" solely because of the characteristics of the crime. [*Id.*]

In the instant case, our Supreme Court found no record evidence of serious psychological harm requiring treatment. This is not to say that the victim might not have suffered serious psychological harm because of the attack, just that the record does not provide evidence of such harm beyond fearfulness during the crime. Because no additional record evidence was admitted at the time of defendant's resentencing, the Michigan Supreme Court's ruling bound the trial court under the law of the case doctrine. Thus, the trial court should have assessed zero points for OV 4, recalculated the minimum sentencing guidelines range, and resentenced defendant accordingly. Consequently, we vacate defendant's sentence and remand to the trial court for resentencing.[2]

---

[1] See also *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012) (where the victim stated in her victim impact statement that she suffered from sleeplessness for weeks after the crime, relived events of the bank robbery every time she closed her eyes, and was in constant fear of being robbed by customers); *People v Ericksen*, 288 Mich App 192, 203; 793 NW2d 120 (2010) (where the victim reported that he suffered depression and that his personality changed as a result of the serious declines in his health caused by defendant's assault with intent to commit murder).

[2] Because a remand for resentencing places this case before the trial court in a presentence posture, *Rosenberg*, 477 Mich 1076; *Ezell*, 446 Mich at 869, we need not address defendant's

## II. SENTENCE CREDIT

Defendant next argues that the trial court erred by not awarding him credit for the time he served in prison between his initial sentencing and his resentencing. We agree. The trial court initially sentenced defendant on October 7, 2013, to a term of imprisonment of 25 to 50 years. The court resentenced defendant on November 7, 2016, to the same sentence, without crediting him for the more than three years served on his initial sentence. "[W]hen a void sentence is set aside and a new sentence is imposed, any time served with regard to the void sentence must be credited against the sentence then imposed." *People v Lyons*, 222 Mich App 319, 321; 564 NW2d 114 (1997); MCL 769.11a.[3] Thus, on remand, the trial court should calculate the amount of time defendant has served in prison since the time of his initial sentence and credit the new sentence accordingly.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In a Standard 4 Brief,[4] defendant claims that his counsel provided him ineffective assistance at his resentencing hearing by neglecting to raise the inaccuracy of presentence investigation report (PSIR) statements and by failing to convince the trial court to rescore OV 4 at zero points. Defendant contends that had his counsel done so, the trial court would have rescored all of defendant's OVs and sentenced him differently.

To prevail on a claim of ineffective assistance of counsel, defendant has the burden to show that "counsel's representation fell below an objective standard of reasonableness" and that, "but for counsel's unprofessional errors," there is a reasonable probability that the outcome would have been different. *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052, 2065, 2068; 80 L Ed 2d 674 (1984). "Ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of [additional] jail time has Sixth Amendment significance." *Lafler v Cooper*, 566 US 156, 165; 132 S Ct 1376, 1386; L Ed 2d 398 (2012), quoting *Glover v United States*, 531 US 198, 203; 121 S Ct 696, 700; 148 L Ed 2d 604 (2001). In light of our ruling vacating defendant's sentence and remanding the matter to the trial court for resentencing, defendant cannot show prejudice arising from his counsel's

claims of error regarding the accuracy of his PSIR and the trial court's scoring of OVs other than OV 4.

[3] MCL 769.11a states in relevant part:

> Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction.

[4] A "Standard 4" brief refers to the brief a defendant may file in propria persona pursuant to Standard 4 of Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004).

representation, rendering it is unnecessary to address defendant's claim of ineffective assistance of counsel.

Defendant's sentence is vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering