PEOPLE v JONES

Docket No. 179522. Submitted May 14, 1996, at Lansing. Decided June 7, 1996, at 9:05 A.M.

Frank M. Jones filed in the Oakland Circuit Court an application for the expungement of a conviction of possession of between 50 and 225 grams of cocaine, for which he had been sentenced to lifetime probation. The court, Gene Schnelz, J., denied expungement on the basis of lack of authority. The defendant appealed.

The Court of Appeals *held*:

Pursuant to MCL 771.2; MSA 28.1132, a sentence of lifetime probation can be changed or reduced only by imposing imprisonment. Expungement of the defendant's conviction would result in a reduction of probation that would violate the statute and Const 1963, art 5, § 14, which provides that a reprieve, commutation, or pardon can be granted only by the Governor.

Affirmed.

CONTROLLED SUBSTANCES — EXPUNGEMENT OF CONVICTION — LIFETIME PROBATION.

A conviction of possession of between 50 and 225 grams of cocaine, for which the sentence is lifetime probation, may not be expunged because expungement would violate both a statute that provides that a sentence of lifetime probation may be changed or reduced only by imposing imprisonment and the constitutional provision that states that a reprieve, commutation, or pardon can be granted only by the Governor (MCL 333.7403[2][a][iii], 771.2; MSA 14.15[7403][2][a][iii], 28.1132; Const 1963, art 5, § 14).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, and *Joyce F. Todd*, Chief, Appellate Division, for the people.

*Gerald Curtis*, for the defendant on appeal.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. GRAVES, JR.,* JJ.

PER CURIAM. Defendant pleaded guilty on April 21, 1987, of possession of between 50 and 225 grams of a substance containing cocaine, MCL 333.7403(2)(a) (iii); MSA 14.15(7403)(2)(a)(iii), and on November 2, 1987, was sentenced to lifetime probation. On May 17, 1994, defendant moved for expunction of that conviction pursuant to MCL 780.621; MSA 28.1274(101). On September 12, 1994, the trial court denied the motion on the ground of lack of authority. Defendant appeals as of right.

The issue is whether the trial court erred in refusing to consider and grant defendant's motion for expungement of an offense for which defendant was serving a sentence of lifetime probation.

The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished. *Gross v General Motors Corp*, 448 Mich 147, 158-159; 528 NW2d 707 (1995). In interpreting a statute, the meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense. *Id.*, 160. Statutes must be construed to prevent absurd or illogical results and to give effect to their purposes. *Id.*, 164.

A fundamental rule of statutory construction is that we must ascertain and give effect to the Legislature's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

intent. *Wortelboer v Benzie Co*, 212 Mich App 208, 215; 537 NW2d 603 (1995). While we presume the Legislature intended the meaning plainly expressed in a statute, judicial construction is permitted if the language is unclear and susceptible to more than one interpretation.

It is clear that the Legislature, in enacting MCL 771.2; MSA 28.1132, intended that once a sentence of lifetime probation is imposed, the court can change it (reduce it) only by imposing imprisonment. If the trial court granted defendant's motion to set aside his conviction, it would surely "reduce" his lifetime probation and would be in direct violation of the statute under which defendant was sentenced, which is clear and unambiguous. It would require that the trial court set aside the valid sentence of lifetime probation and impose a new sentence, which the court does not have the authority to do. That would violate Const 1963, art 5, § 14 because it would be, in essence, a reprieve, commutation, or pardon, which can be granted only by the Governor. Any other conclusion would lead to an absurd or illogical result that would undermine the intent of the Legislature in enacting the lifetime probation statute. The trial court was correct in its conclusion that it did not have authority to grant defendant's motion.

The trial court's decision denying defendant's request for expungement of his conviction is affirmed.

Affirmed.