# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KEVIN ALLEN DUBOSE,

      Defendant-Appellant.

UNPUBLISHED
May 10, 2018

No. 338158
Calhoun Circuit Court
LC No. 2010-003025-FC

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of armed robbery, MCL 750.529, and felonious assault, MCL 750.82(1). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 20 to 40 years for the armed robbery conviction and to two to eight years for the felonious assault conviction. We affirmed defendant's convictions but remanded for resentencing because during sentencing the court made inaccurate statements concerning the proofs at trial.[1] Defendant was resentenced to concurrent prison terms of 15 to 40 years for the armed robbery conviction and two to eight years for the felonious assault conviction. For the reasons set forth below, we affirm defendant's sentence but remand for the limited purpose of recalculating defendant's sentence credit.

This case arose on June 28, 2010, when an adult novelty and lingerie store was robbed, and an employee was stabbed. We summarized the facts of the case in our previous opinion as follows:

> Kristin Smyth was working at the store on June 28, 2010. She testified that she wiped down the glass cabinets in the store early in the day, before the robbery. Between 5:00 and 6:00 p.m., a man came into the store. Smyth described the man to police officers as between 5'7" and 5'8" tall, about 200 pounds, and with a thin or medium build. She told police he had a dark complexion, short hair, and that he wore a white t-shirt, grayish white shorts, and

---

[1] *People v DuBose*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2013 (Docket No. 304072), p 6.

sunglasses. Smyth testified that she described the man to police as "clean shaven," but that he also had a mustache or goatee. Smyth testified that by "clean shaven," she meant "not scraggly looking" and "clean, not long, goatee kind of short, you know, not extra—extra hair features." The man touched the glass cabinets while looking at merchandise. He then asked Smyth to show him an item in another room of the store and, when she did, the man stabbed Smyth four times with what appeared to be a steak knife and then demanded that she open the cash register. Smyth escaped from the store before she gave defendant any money, but she testified that the cash register could be easily opened.

Officers received a tip that defendant was involved in the robbery and assault and took him into custody the following day. At that time, defendant had facial hair and a goatee. Police found fingerprints on the glass cabinet in the precise area where Smyth says the robber placed his hand on the glass. One fingerprint and one palm print matched defendant's prints. After a police interview, defendant made a telephone call to his wife. Detective Randy Reinstein heard the conversation and testified that defendant was crying and saying, "I'm sorry," "I'm going away for a long time," and "I got into some trouble."

Smyth was unable to identify defendant in a corporeal lineup. She noted that all of the people in the lineup, including defendant, had no facial hair, and she recalled that the robber had a goatee or mustache.[2]

During defendant's first sentencing, the sentencing court made the following statement:

Well, Mr. Dubose, I have had a chance to review that presentence investigation report. And I'm well aware of the facts in this case. And I disagree with you, Mr. Dubose, about the accuracy of the jury verdict. You were identified. This is not a fleeting glimpse of you by Ms. Smyth. You were supposedly a customer. You talked to her. You left your sunglasses on the counter. You had questions about things. She went with you into a side room. This was not, as I say, a fleeting glimpse. She saw you. She knows it was you.

In remanding the case back to the trial court, we held that contrary to the sentencing court's comments, "the victim never identified defendant as her assailant despite multiple opportunities to do so" and "the sunglasses found on the counter were never identified as belonging to defendant and the fingerprints found on them were determined to belong to an identifiable person other than the defendant." *Dubose*, unpub op at 6.

Defendant's resentencing was conducted before a different judge due to the original judge's retirement. During the resentencing, defendant admitted, with the exception of an

---

[2] *Dubose*, unpub op at 1-2.

allegation of bribery, which was struck, that the information in the updated presentence investigation report (PSIR) was correct.

On appeal, defendant first argues that he was entitled to resentencing where the resentencing court failed to correct the inaccurate assumptions of the original sentencing judge. We disagree.[3]

During resentencing, the court specifically stated that it was not relying on the sentencing judge's comments but rather, it was focusing on the facts as presented in the PSIR, defendant's criminal history before the instant offense, and defendant's conduct while incarcerated. "A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). A judge is also allowed to consider a defendant's criminal history, *People v Smith*, 482 Mich 292, 339; 754 NW2d 284 (2008), and a defendant's misbehavior after arrest, *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995). Thus, the resentencing judge in this case did not err by relying on the facts as set out in the PSIR, and defendant's criminal and misconduct history.

Next, defendant argues that the resentencing judge failed to award him the correct amount of sentence credit. We agree.[4]

---

[3] Claims that the trial court relied on inaccurate information at sentencing are preserved if the trial defendant "raised the issue at or before sentencing[.]" *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). See also MCL 769.34(10); MCR 6.429(C). Defendant never objected to and, in fact, affirmed the accuracy of the information in the PSIR. We review unpreserved issues for plain error affecting substantial rights. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Defendant must satisfy the four-part test articulated in *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999), to prevail under this standard. *Id*. Defendant must show "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id*. Furthermore, even if the first three prongs are satisfied, this Court should "exercise its discretion in deciding whether to reverse" and "(4) relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id*. (quotation marks and citation omitted).

[4] Generally, "[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). "The issue of entitlement to sentence credit can be preserved by "request[ing] credit for time served at sentencing or object[ing] to the trial court order that denied [defendant's] sentence credit." *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016). Defendant did not preserve this issue on appeal by failing to object to the calculation of the amount of sentence credit when the trial court announced its sentence.

When a challenge to sentence credit is preserved on appeal, this Court reviews the issue de novo. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). However, because defendant did not preserve the issue, this Court will review whether defendant is entitled to additional sentence credit for plain error affecting substantial rights. *Cain*, 498 Mich at 116.

MCL 769.11b provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"A defendant who is unable to post bond must be awarded credit for all time served in jail before sentencing." *People v Lyons*, 222 Mich App 319, 321; 564 NW2d 114 (1997). Additionally, "when a void sentence is set aside and a new sentence is imposed, any time served with regard to the void sentence must be credited against the sentence then imposed." *Id*.

We conclude that the trial court plainly erred in awarding only 1,633 days of sentence credit to defendant. Defendant was arrested on June 30, 2010. At his original sentencing on April 22, 2011, he was awarded 296 days of sentence credit, which was consistent with his arrest date. During resentencing, the resentencing court, without explaining its calculation, awarded defendant 1,633 days of sentence credit. If defendant was continuously incarcerated from the date of his original sentencing hearing until his resentencing hearing for the present charges, then the trial court erred in its calculations by more than 800 days, where there is no evidence that defendant was incarcerated for any other offenses. In *Lyons*, 222 Mich App at 321, this Court remanded for a recalculation of the amount of sentence credit to which the defendant was entitled when the defendant was given sentence credit that did not accurately account for the amount of time that the defendant was incarcerated between initial sentencing and resentencing.

An error occurred in the calculation of defendant's sentence credit. The error was plain, considering that there was a discrepancy of more than 800 days. The error affected the outcome of the proceedings in that defendant was not awarded the entire sentence credit to which he was entitled. This error affects his substantial rights as it will result in additional incarceration. Thus, the error in the calculation of the sentence credit was plain and affected defendant's substantial rights. See *Cain*, 498 Mich at 116.

Accordingly, we affirm defendant's sentence but remand for "a recalculation of the amount of time served for which defendant is entitled to credit." *Lyons*, 222 Mich App at 321. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

-4-