# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

IVAN CHRISTOPHER GOLLMAN,

Defendant-Appellant.

UNPUBLISHED
May 17, 2018

No. 334402
Wayne Circuit Court
LC No. 02-011287-01-FC

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

In 2003, a jury found defendant guilty of assault with intent to murder (AWIM), MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. This case has a long appellate history, and defendant has been resentenced several times. Most recently, we remanded for *Crosby*[1] proceedings to determine whether resentencing was required in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). See *People v Gollman*, unpublished per curiam opinion of the Court of Appeals, issued January 12, 2016 (Docket No. 323187). On remand, the trial court did not resentence defendant, concluding that, although the guidelines were now advisory, defendant's sentence should remain at 15 to 25 years in prison for the AWIM conviction and a consecutive two-year sentence for the felony-firearm conviction. Defendant again appeals as of right to this Court. Because defendant is not entitled to resentencing, we affirm.

Defendant's convictions arise from his actions in August 2002, when he shot the victim in the mouth. Although the victim survived, he suffered damage to his gums and he was left with a bullet lodged near his spine, which could not be removed because of the potential that the victim could be paralyzed. Relevant to the present appeal, the trial court scored offense variable (OV) 3 at 25 points and OV 10 at 15 points, resulting in a total OV score of 95 points. Under the sentencing guidelines, with a prior record variable score of seven points, defendant's minimum sentence range was 108 to 180 months. See MCL 777.62. Defendant's sentence of 15 to 25 years for his AWIM conviction is within this advisory guideline range.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Following *Crosby* proceedings and the trial court's decision not to resentence defendant, defendant challenges his sentence on appeal. First, defendant asserts that the trial court erred by scoring OV 3 at 25 points and OV 10 at 15 points. Related to these OVs, in a Standard 4 brief, defendant also maintains that the law of the case should not prevent this Court from correcting these scoring errors. Second, in his Standard 4 brief, defendant contends that the trial court failed to abide by this Court's *Crosby* remand order because the trial court did not impose a "materially different" sentence. Finally, defendant more generally argues that his sentence is disproportionate given his age, his lack of prior adult criminal convictions, his attainment of a GED, and his participation in services while incarcerated. These arguments are without merit.

## I. OFFENSE VARIABLES

Defendant's arguments regarding OV 3 and OV 10 are controlled by the law of the case doctrine. "That doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). This doctrine applies when "the facts remain substantially or materially the same." *People v Phillips*, 227 Mich App 28, 31-32; 575 NW2d 784 (1997). Here, defendant challenges the scoring of OV 3 and OV 10; but, he raised these same arguments in a previous appeal to this Court, at which time we considered and rejected his contentions that OVs 3 and 10 were improperly scored. See *People v Gollman*, unpublished opinion of the Court of Appeals, issued May 27, 2014 (Docket No. 312016), p 1-2. Indeed, defendant also challenged the scoring of OV 3 and OV 10 during his most recent appeal to this Court, at which time we concluded that the law of the case doctrine applied. *People v Gollman*, unpublished per curiam opinion of the Court of Appeals, issued January 12, 2016 (Docket No. 323187), p 1-2. The facts remain materially the same, and thus we again conclude that the law of the case doctrine controls our analysis of OVs 3 and 10. Consequently, we again reject defendant's contention that these OVs were improperly scored.

## II. *CROSBY* PROCEEDINGS

Next, we reject defendant's argument in his Standard 4 brief to the effect that the trial court was required to impose a "materially different" sentence on remand. Quite simply, a remand for *Crosby* proceedings is not an order that the trial court must impose a materially different sentence; rather, the purpose of a *Crosby* remand is for the trial court to determine *whether* it would have imposed a materially different sentence if the trial court had been aware that the guidelines were merely advisory. *People v Steanhouse*, 500 Mich 453, 461-462; 902 NW2d 327 (2017); *Lockridge, 498 Mich* at 395 n 31; *Crosby*, 397 F3d at 117-118. Adhering to the procedures for a *Crosby* remand, the trial court afforded defendant an opportunity to indicate that he wished to be resentenced, the trial court obtained the views of counsel about resentencing, and, recognizing that the guidelines were advisory, the trial court declined to impose a different sentence. See *Lockridge*, 498 Mich at 398. In short, the trial court complied with this Court's *Crosby* remand instructions, and defendant is not entitled to relief on this basis.

## III. PROPORTIONALITY

Finally, there is no merit to defendant's claim that his sentence is disproportionate. Following *Lockridge*, "[a] trial court's decision to depart from the sentencing guidelines is

reviewed for reasonableness." *People v Schrauben*, 314 Mich App 181, 193; 886 NW2d 173 (2016). In contrast, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Id*. at 196, citing MCL 769.34(10). Further, a sentence within the advisory guidelines range is "presumptively proportionate." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

In this case, defendant's sentence of 15 to 25 years was within the minimum sentence guidelines range of 108 to 180 months. This sentence is presumed proportionate, and the circumstances identified by defendant as relevant to the proportionality of his sentence—e.g., his age, lack of other adult convictions, a GED, and participation in services while incarcerated—do not constitute "unusual circumstances" which render defendant's presumptively proportionate sentence disproportionate, particularly considering the grievous nature of the offense. See *People v Lyons*, 222 Mich App 319, 324; 564 NW2d 114 (1997); *People v Piotrowski*, 211 Mich App 527, 533; 536 NW2d 293 (1995); *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994). Accordingly, defendant's sentence within the applicable minimum sentence guidelines range is affirmed. See *Schrauben*, 314 Mich App at 196.

Affirmed.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly