# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RODNEY DAMON BLACK,

Defendant-Appellant.

UNPUBLISHED
November 27, 2018

No. 338985
Wayne Circuit Court
LC No. 93-010614-01-FC

Before: JANSEN, P.J., and K.F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his resentence for first-degree murder, MCL 750.316. Defendant was convicted by a jury of first-degree murder, two counts of assault with intent to murder (AWIM), MCL 750.83, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in 1993. After a juvenile disposition hearing, the trial court sentenced defendant as an adult rather than a juvenile. Defendant was originally sentenced in 1994 to life in prison without parole for first-degree murder, 15 to 40 years' imprisonment for each count of AWIM, and two years' imprisonment for felony firearm.[1] On June 1, 2017, the trial court resentenced defendant to 40 to 60 years' imprisonment for first-degree murder; his other sentences remained the same. We affirm defendant's resentence of 40 to 60 years' imprisonment for his first-degree murder conviction, but remand for a proper calculation of his jail credit and correction of his judgment of resentence to reflect the same.

Defendant argues that his resentence is invalid because it is disproportionate, and because he was resentenced pursuant to MCL 769.25, which he argues is unconstitutional. Additionally, he argues that the jail credit included on his judgment of resentence was incorrect. We disagree with defendant's contention that his resentence is invalid, but remand for a proper calculation of his jail credit, and correction of his judgment of resentence.

---

[1] Defendant's convictions and sentences were previously affirmed on appeal. See *People v Black*, unpublished per curiam opinion of the Court of Appeals, issued March 12, 1996 (Docket No. 174577).

Defendant did not raise a constitutional challenge to MCL 769.25 or the jail credit issue that he raises on appeal at resentencing, or in a proper motion for resentencing or to remand. Therefore, these issues are unpreserved. See *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016), citing MCR 6.429(C) and *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). Accordingly, defendant's unpreserved constitutional challenge to MCL 769.25 and unpreserved jail credit issue are reviewed for plain error affecting substantial rights. *People v Pipes*, 475 Mich 267, 270; 715 NW2d 290 (2006). The test is as follows:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." [*People v Walker*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006) (citations omitted).]

Statutory interpretation is a question of law that is reviewed de novo. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

Regarding defendant's proportionality argument, this Court reviews a trial court's findings of fact for clear error and questions of law de novo when reviewing a sentence. *People v Garay*, 320 Mich App 29, 43; 903 NW2d 883 (2017), overruled in part on other grounds by *People v Skinner*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket Nos. 152448, 153081, and 153345). The trial court's ultimate determination regarding an imposed sentence is reviewed for an abuse of discretion. *Garay*, 320 Mich App at 43-44. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes" or "when it makes an error of law." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

Defendant's arguments on appeal arise from *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), which made *Miller* retroactive, and the Legislature's enactment of MCL 769.25 and MCL 769.25a. In 2012, the United States Supreme Court held in *Miller* "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Miller*, 567 US at 465. In *Miller*, the United States Supreme Court considered a challenge to mandatory life-without-parole sentences for juvenile defendants in homicide cases based on the Eighth Amendment. *Id*. at 465, 479. The United States Supreme Court determined that the Eighth Amendment forbid such sentences because "[b]y making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Id*. at 479. The *Miller* Court did not address whether the Eighth Amendment categorically bars all sentences of life without parole for juvenile offenders, but noted that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be

uncommon." *Id*. at 479-480. The decision does not prohibit trial courts from sentencing juveniles to life imprisonment without parole, but the trial court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. However, " '[a] state is not required to guarantee eventual freedom,' but must provide 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Id*. at 479, quoting *Graham v Florida*, 560 US 48, 75; 130 S Ct 2011; 176 L Ed 2d 825 (2010).

In response to *Miller*, the Michigan Legislature enacted MCL 769.25 and MCL 769.25a to address life-without-parole offenses committed by minors, and the option of imprisonment for a term of years. MCL 769.25a specifically applied to closed cases with exhausted appeals in the event that the Michigan or United States Supreme Court determined that *Miller* applied retroactively. In 2016, the United States Supreme Court determined that the *Miller* decision was a substantive rule of constitutional law that must be applied retroactively. *Montgomery*, 136 S Ct at 736. The *Miller* decision, applied retroactively by *Montgomery*, only applies to juvenile sentences of life without parole. *Miller*, 567 US at 465. Because defendant received a sentence of mandatory life without parole for his first-degree murder conviction, he was entitled to resentencing on that conviction pursuant to *Miller, Montgomery*, MCL 769.25, and MCL 769.25a.

For purposes of resentencing, MCL 769.25a(4)(b) allows the prosecution to file a motion seeking a "sentence of imprisonment for life without the possibility of parole" for the life-without-parole sentence that was deemed invalid by *Miller* and *Montgomery*. If the prosecution does not file such a motion, it can file a notice requesting that the circuit court impose a term-of-years sentence consistent with MCL 769.25a(4)(c), which is a maximum term of 60 years' imprisonment and a minimum term not less than 25, but no more than 40, years' imprisonment. On May 26, 2017, the prosecution filed a sentencing memorandum seeking a term-of-years sentence of 38 to 60 years for defendant's first-degree murder conviction pursuant to MCL 769.25a(4)(c). Defendant was resentenced to 40 to 60 years' imprisonment for first-degree murder at the hearing held on June 1, 2017.

## I. VALIDITY OF MCL 760.25

On appeal, defendant first argues that his resentence was unconstitutional because MCL 760.25 does not comport with the mandates of *Miller* and *Montgomery*. That is, his sentence of 40 to 60 years' imprisonment as imposed pursuant to MCL 760.25(9) does not provide a juvenile defendant with a meaningful opportunity for release. Defendant admits that that he will be 58 years old when he serves the 40 year minimum sentence, plus the additional two years for felony-firearm. He argues that he is unlikely to parole after serving the minimum sentence, and the maximum sentence exceeds his life expectancy.

Defendant alleges on appeal that he was resentenced pursuant to MCL 769.25(4) and (9), and challenges the constitutional validity of MCL 769.25. However, defendant was not resentenced pursuant to MCL 769.25, as that statute was enacted before *Montgomery*, and MCL 769.25a is the statute that applies. Seemingly, the trial court mistakenly referenced MCL 769.25, rather than MCL 769.25a specifically, when it noted that resentencing was pursuant to *Miller*, *Montgomery*, and "a Michigan statutory consideration under MCL Section 769.25." The

sentencing memorandum filed by the prosecution cited MCL 769.25a(4)(c) as authority for its request that defendant be resentenced within the statutory range. This Court recently provided,

> After *Miller* but before *Montgomery*, our Legislature enacted MCL 769.25, which set forth the procedure for resentencing criminal defendants who fit *Miller's* criteria, provided either that their case was still pending in the trial court or that the applicable time periods for appellate review had not elapsed. In other words, MCL 769.25 applied only to cases that were not yet final, and did not retroactively apply *Miller* to cases that were final. See 2014 PA 22, effective March 4, 2014.
>
> However, in anticipation of the possibility that *Miller* might be determined to apply retroactively, our Legislature simultaneously enacted MCL 769.25a, which set forth the procedure, in that event, for the resentencing of defendants who fit *Miller's* criteria, even if their cases were final. See 2014 PA 22, effective March 4, 2014. In other words, if *Miller* were determined to apply retroactively, MCL 769.25a would apply it retroactively both to cases that were final and to those that were not final. [*People v Wiley*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 336898 and 338870); slip op at 3.]

Therefore, defendant's constitutional challenge to MCL 769.25 on appeal is misplaced. Regardless, both MCL 769.25 and MCL 769.25a provide for resentencing a juvenile defendant to a term-of-years sentence of 25 to 40 years minimum and 60 years maximum. MCL 769.25(9); MCL 769.25a(4)(c).

"Statutes are presumed to be constitutional, and the party challenging the statute has the burden of showing the contrary." *People v Dillon*, 296 Mich App 506, 510; 822 NW2d 611 (2012). Defendant has failed to overcome the presumption that MCL 769.25 or MCL 769.25a are constitutional, and therefore, he has failed to demonstrate that the trial court erred in applying the statutes to his resentence. Defendant was afforded the constitutional protections that *Miller* requires. *Miller* requires that defendants convicted as juveniles be afforded " 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Miller*, 567 US at 479, quoting *Graham*, 560 US at 75. Defendant was granted this opportunity because he has been afforded a meaningful opportunity to obtain release. He will be 58 years old at the time that his minimum sentence is served. He will be eligible for parole at that time, even though he was originally sentenced to life imprisonment without parole. Contrary to defendant's argument on appeal, there is no indication or reason to expect that defendant will not be paroled at this time. Rather, his improvement and growth while in prison indicate that he will be eligible for parole when his minimum sentence is served. He has completed several courses preparing him for parole, and demonstrated that he benefited from these courses by avoiding a prisoner riot that took place.

Based on the foregoing, MCL 769.25, and effectively, MCL 769.25a, is not unconstitutional as applied to defendant because the application of these statutes in resentencing afforded defendant a meaningful opportunity to obtain release. See *Miller*, 567 US at 479. The trial court demonstrated at the resentencing hearing that it thoughtfully weighed defendant's maturity and ability for rehabilitation against the severity of the crimes, but ultimately

determined that a 40-year minimum sentence was appropriate. The court listed defendant's accomplishments while incarcerated, but gave more weight to the egregious nature of the crime. Therefore, defendant has failed to establish that the trial court plainly erred, and failed to establish that he would have received a different sentence.

## II. PROPORTIONALITY OF SENTENCE

Defendant further argues that his 40 to 60 year resentence was disproportionate because the trial court focused on the facts of the crime, rather than defendant's personal history. A sentence that violates the principle of proportionality is unreasonable. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 460 (citation and quotation marks omitted). However, a sentence mandated by statute is presumptively proportionate. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002). To overcome this presumption of proportionality, "a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant's sentence was presumptively proportional. *Davis*, 250 Mich App at 369. A juvenile offender previously sentenced to life without parole, who is entitled to resentencing, may be sentenced to a maximum term of 60 years, and a minimum term ranging from 25 to 40 years. MCL 769.25(9). Accordingly, defendant's minimum sentence of 40 years was presumptively proportionate because it fell within the statutory range.

Additionally, defendant fails to articulate unusual circumstances that render his resentence disproportionate. Defendant argues on appeal that the court did not consider his personal history. He only spent 16 years of that history outside of prison, and just because a homicide was committed did not justify a sentence at the top of the sentencing range. The trial court's imposition of the 40-year minimum sentence reflected its balancing of defendant's circumstances with the facts of the crimes. Defendant had a prior juvenile drug charge that was dismissed, and 31 misconduct tickets while in prison. The court recognized that "there [had] been some change in defendant." He completed various courses while in prison, and actively avoided the prisoner riot. However, defendant admitted that he knew what it meant to carry a gun as a 16-year-old, but did so regardless. He shot two people, including a then five-year-old boy. As a result, that boy only lived to his twenties, and had to have a liver transplant and other operations. The three-year-old girl injured by defendant died because of her injuries. The mother of the child victims, who was also shot by defendant, would suffer mentally and emotionally for the rest of her life from losing her children. The nature of defendant's crime merited the trial court's imposition of the highest statutory minimum sentence, which was also proportionate.

## III. JAIL CREDIT

Finally, defendant argues that the amount of jail credit due was "unresolved" at the time of resentencing. Defendant believes that his jail credit is 7,932 days – 8,662 days from the time of his arrest through resentencing, minus 730 days for the two years served for felony-firearm. The updated presentence investigation report (PSIR) indicates that defendant's time served from

September 13, 1993, to May 31, 2017, was 8,662 days. He had 730 days of jail credit for felony-firearm, and 7,932 for first-degree murder and the two counts of AWIM. At the resentencing hearing, the court asserted:

> I'm sorry. What has been going on is initially based on a recent communication from the Department of Corrections as to the calculation of the jail credit that [defendant] would be entitled to. My administrative assistant is trying to resolved [sic] that, but I will proceed with the sentencing at this time.

After the court imposed the resentence of 40 to 60 years, it asserted that jail credit would be 7,930 days, rather than the 7,932 that was in the updated PSIR, based on "information" from the Department of Corrections that the court received that day.

> MCL 769.25a(6) provides:

> > A defendant who is resentenced under subsection (4) shall be given credit for time already served, but shall not receive any good time credits, special good time credits, disciplinary credits, or any other credits that reduce the defendant's minimum or maximum sentence.

As noted above, MCL 769.25a(4) provides the procedure for resentencing juvenile defendants convicted of first-degree murder when the prosecution seeks a continuation of the life-without-parole sentence, MCL 769.25a(4)(b), and when the prosecution seeks a term-of-years sentence, MCL 769.25a(4)(c). MCL 769.25a(4)(c) applies to defendant, which directed the resentencing court to "sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall not be less than 25 years or more than 40 years."

> MCL 769.25a(6) was recently deemed unconstitutional by this Court because it "unconstitutionally deprives defendants of the application of earned disciplinary credits to their term-of-years sentences in violation of the Ex Post Facto Clause of the United States and Michigan Constitutions, US Const, art 1, § 10; Const 1963, art 1, § 10." *Wiley*, slip op at 23. "As a general rule, an unconstitutional statue is void ab initio; it is void for any purpose and is as ineffective as if it had never been enacted. Pursuant to this rule, decisions declaring statutes unconstitutional have been given full retroactive application." *Johnson v White*, 261 Mich App 332, 336; 682 NW2d 505 (2004) (citations omitted). Defendant's challenge on appeal does not reference good time, special good time, or disciplinary credits. Defendant seemingly only argues that he should have been entitled to two more days for time served based on the dates that he was arrested and resentenced. This Court may strike down statutes as unconstitutional pursuant to MCL 8.5, but constitutional portions of the same statute "must be 'given effect' provided that they are not 'inoperable' and not 'inconsistent with the manifest intent of the legislature.' " *Steanhouse*, 500 Mich at 491-492.

> Although MCL 769.25a(6) was deemed unconstitutional, Michigan's sentencing credit statute for void sentences provides:

> > Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial

-6-

court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction. . . . [MCL 769.11a.]

Defendant's calculation of his jail credit at 7,932 days, rather than 7,930 days, appears correct, MCR 1.108(1), and is consistent with the calculation included in the updated PSIR. The imposition of 7,930 days on the judgment of resentence was "based on information that [the trial court] received from the Department of Corrections" on the day of the hearing. The trial court did not specify what information that was, or why defendant was entitled to two fewer days of jail credit. Based on the apparent error in calculation by the trial court, and its failure to specify why it included two fewer days of jail credit than that included in the updated PSIR, remand is necessary for a proper calculation of jail credit, and for the ministerial task of correcting the judgment of resentence to reflect an award of 7,932 days of credit for time served. See *People v Lyons*, 222 Mich App 319, 321; 564 NW2d 114 (1997) (where the defendant was incarcerated continuously from sentencing to resentencing, and the trial court awarded an incorrect calculation of jail credit "without an explanation of its reasoning," remand for a recalculation was proper).

We affirm defendant's resentence of 40 to 60 years' imprisonment for his first-degree murder conviction, but remand for a proper calculation of his jail credit and correction of his judgment of resentence to reflect the same. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello