# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHETOAN DANNARD COATES,

Defendant-Appellant.

UNPUBLISHED
December 13, 2018

No. 340954
Ingham Circuit Court
LC No. 14-000491-FC

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of assault with intent to murder (AWIM), MCL 750.83, assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(a), carrying a concealed weapon (CCW), MCL 750.227(2), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). He was sentenced to serve concurrent prison terms of 20 to 80 years for the AWIM conviction, 5 to 10 years for the AWIGBH conviction, and two to five years for the CCW conviction, all of which were to be served consecutively to a two-year term for the felony-firearm conviction.

This is defendant's second appeal in this matter. On defendant's first appeal, this Court affirmed his convictions but remanded for the ministerial task of correcting the judgment of sentence to indicate that the felony-firearm sentence was not to be served consecutively to the sentences imposed for AWIGBH and CCW. *People v Coates*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2016 (Docket Nos. 327501 and 327502). Additionally, this Court remanded for a *Crosby*[1] proceeding pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *Id.*

On remand, the trial court decided that it would not have sentenced defendant differently, stating:

> The Court's obligation on remand is to decide whether the Court, considering only the circumstances existing at the time of the original sentence, would have

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

imposed a materially different sentence if the Court had known the guidelines are only advisory, not mandatory. The answer to that question is no. This Court mentioned circumstances it considered when deciding the sentence. Guidelines that are advisory instead of mandatory do not change this Court's previous conclusion as to a reasonable and proportionate sentence given the then existent circumstances.

The trial court then entered an amended judgment of sentence imposing the same sentences, but reflecting that the sentence for felony-firearm is "to run consecutive with and preceding" the sentence imposed for AWIM and concurrently with the sentences imposed for the other offenses. Defendant appeals as of right. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This case involved drive-by shootings and a high-speed vehicle chase between gang members. At one point, defendant and two others chased after two rival gang members, one of whom was the victim in this case. Multiple shots were fired, and both vehicles eventually crashed. The victim left his vehicle and ran to a nearby car wash. Defendant and one of his cohorts pursued the victim on foot. At the car wash, the victim fell, and they caught up to him and beat him severely, kicking him repeatedly and pistol whipping him in the head. The victim had severe injuries, including multiple skull fractures.

## II. ANALYSIS

Defendant raises two issues on appeal. First, defendant argues that the trial court erroneously failed to include an updated number of days for which he should have received credit, which, according to defendant, equals 1,251. Second, defendant argues that the trial court did not articulate an appropriate explanation under *Lockridge* for why it chose not to resentence him. We disagree.

## A. JAIL CREDIT

### 1. STANDARD OF REVIEW

Issues regarding credit for time served are preserved if they are raised before and considered by the trial court. *People v Conner*, 209 Mich App 419, 431; 531 NW2d 734 (1995). Defendant did not raise the issue of credit for time served before the trial court. Therefore, it is unpreserved. Generally, this Court reviews de novo questions of whether a defendant is entitled to jail credit. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). However, unpreserved issues are reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights," meaning the error must be prejudicial. *Id*. at 763.

### 2. DISCUSSION

Defendant is not entitled to 1,251 credit for time served because the original sentence remains in effect.

MCL 769.11b states in pertinent part:

Whenever any person is . . . convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court . . . shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In *People v Lyons*, 222 Mich App 319; 564 NW2d 114 (1997), the initial sentence was incorrect, and, on the first appeal, this Court remanded for resentencing. *Id*. at 320. The trial court then resentenced the defendant. *Id*. The defendant argued on his second appeal that the trial court improperly calculated his credit for time served. *Id*. at 321. This Court held that "when a void sentence is set aside and a new sentence is imposed, any time served with regard to the void sentence must be credited against the sentence then imposed." *Id*. The defendant's original sentence had been incorrect and therefore void. *Id*. at 320. Consequently, if the defendant had been incarcerated between the original sentencing date and resentencing date, then the defendant was entitled to credit for that time served. *Id*. Therefore, this Court remanded in order to allow the trial court to recalculate defendant's credit. *Id*. at 321.

In the present case, defendant notes that 892 days passed between the original sentencing date, April 22, 2015, and the date that the amended judgment of sentence issued, October 2, 2017. He was originally sentenced with 359 days' credit for time served in jail, and 892 plus 359 equals 1,251.

Defendant's argument is without merit because the trial court did not void defendant's sentence or resentence defendant. Instead, the trial court decided that it would not have sentenced defendant any differently even if the sentencing guidelines had been advisory. As a result, the original sentence was not voided but remained in effect. The amended judgment, although dated October 2, 2107, retained the sentencing date, which was listed as April 22, 2015. Defendant's time spent in prison between the original sentencing date and the issuance of the amended judgment was properly not added to his credit for time served in jail. Rather, this time simply counted against defendant's sentence for the underlying crimes. Stated differently, these days did not count as days that defendant was in jail awaiting trial or sentencing or days that defendant spent in prison on a sentence later deemed void. Defendant mistakenly believes that his sentencing date changed to October 2, 2017 when the trial court amended the judgment. This is incorrect because the court did not alter the original date of the sentence. Defendant's case is unlike *Lyons*, where the original sentence was voided on remand, *Lyons*, 222 Mich App at 321, because defendant's original sentence was not voided. Rather, the trial court chose *not* to resentence, keeping the original sentence intact. Therefore, defendant is not entitled to jail credit for time spent between April 22, 2015, and October 2, 2017, and the trial court did not err in leaving the credit for time served at the original 359 days.

## B. *PEOPLE V LOCKRIDGE*

### 1. STANDARD OF REVIEW

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo," *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007), as are questions of law generally. *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997). The denial of a motion for resentencing is reviewed for an abuse of discretion. See *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). A court abuses its discretion when its decision is "outside the range of principled outcomes." *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012).

### 2. DISCUSSION

On remand, the trial court should determine whether it would have imposed a materially different sentence but for the constitutional error, and if the trial court answers that question in the affirmative, it must resentence defendant. *Lockridge*, 498 Mich at 397. In deciding whether it would have imposed a materially different sentence, the trial court should consider only the circumstances existing at the time of the original sentence. *Id.* at 398. While a trial court must score and consider the sentencing guidelines, the trial court is not compelled to impose a minimum sentence within the calculated range, as the guidelines are only advisory. *Id.* at 365. In determining an appropriate sentence, a court may draw inferences about the defendant's behavior from the objective evidence. *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008). On remand for a *Crosby*[2] hearing, if a trial court decides not to resentence the defendant, it must articulate "an appropriate explanation" for its decision on the record. *Lockridge*, 498 Mich at 398. The articulation is adequate if the trial court expressly relies on the guidelines, or if it is clear from the context of the court's remarks that the court relied on them. *People v Conley*, 270 Mich App 301, 312-313; 715 NW2d 377 (2006).

Here, defendant does not argue that the trial court failed to comply with the *Crosby* remand procedure. Rather, defendant argues that the trial court failed to articulate an appropriate explanation for why it chose not to resentence him. We disagree. In its order on remand, the trial court correctly stated that its "obligation on remand [was] to decide whether the Court, considering only the circumstances existing at the time of the original sentence, would have imposed a materially different sentence if the Court had known the guidelines [were] advisory, not mandatory." See *Lockridge*, 498 Mich at 398 (holding that "in determining whether the court would have imposed a materially different sentence . . . the court should consider only the 'circumstances existing at the time of the original sentence' "). Critically, the trial court stated that it "mentioned circumstances it considered *when deciding the sentence.* Guidelines that are advisory instead of mandatory do not change this Court's *previous conclusion* as to a reasonable and proportionate sentence given the then existent circumstances." (Emphasis added). The trial court, then, adopted the same reasoning that it gave at the original sentencing hearing.

---

[2] *United States v Crosby*, 397 F 3d 103 (CA 2, 2005).

At defendant's original sentencing hearing, the trial court, prior to passing sentence, stated:

[Y]ou're a young man, and this is conduct that causes anyone to stop and think and consider what kind of person are you that you could be involved in this kind of activity because, as I said before, this is the kind of violence that cannot be tolerated in this community.

This was not a video game. These were real people on the streets of Lansing who were put at substantial risk by the shooting that went on all around them while they were going about their normal daily business. And so I do have to consider both aspects of punishment and deterrence in addition to the possibility of rehabilitating a young person such as yourself.

I think all of that leads me to the conclusion that the recommendation, at least as to the most significant charge here, that being the—or most significant conviction, that being the assault with intent to murder, the corrections department recommendation, I think, is appropriate.

This reasoning, adopted by the trial court in its order, was an appropriate explanation. The trial court specifically addressed the severity of the crime, the danger to the public, deterrence, and the possibility of rehabilitating defendant. These same reasons were why the trial court concluded that it would not have resentenced defendant to a different sentence even if the guidelines had been advisory. It believed that the original sentence was "a reasonable and proportionate sentence given the then existent circumstances." The trial court did not err because it gave an appropriate explanation on the record during defendant's original sentencing hearing and referenced its explanation in explaining why it was not resentencing defendant.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola